**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-5118

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BASSEM MAHMOUD HUSSEIN, a/k/a Bassem Mahmoud
El Tayeb,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Richard L. Williams, Senior District Judge. (CR-04-46)

Submitted: September 14, 2005          Decided: October 13, 2005

Before MICHAEL and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Frank W. Dunham, Jr., Federal Public Defender, Meghan S. Skelton, Assistant Federal Public Defender, Alexandria, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Michael J. Elston, David T. Maguire, S. David Schiller, Assistant United States Attorneys, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Bassem Mahmoud Hussein, an immigrant from Egypt, appeals his jury trial conviction for conspiracy to obtain false identification documents, in violation of 18 U.S.C. § 1028(f) (2000), and three counts of causing the Department of Motor Vehicles ("DMV") to produce false identification documents, in violation of 18 U.S.C. §§ 1028(a)(1), (b)(1)(A)(ii), (c)(3)(A), 2 (2000). We affirm.

Hussein first contends that the district court erred by denying his third motion for a continuance. The denial of a motion for a continuance is reviewed for an abuse of discretion. Morris v. Slappy, 461 U.S. 1, 11-12 (1983). A trial court abuses its discretion when it denies a continuance based upon an unreasonable and arbitrary insistence on expeditiousness. Id. "[O]nly an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for a delay' violates the right to assistance of counsel." Id. (quoting Ungar v. Sarafite, 376 U.S. 575, 589 (1964)). Moreover, a defendant must show that the denial prejudiced his case. Hutchins v. Garrison, 724 F.2d 1425, 1434 (4th Cir. 1985). Although Hussein's original public defender was not able to render services through the conclusion of the trial, the record reflects that replacement counsel entered her appearance three weeks before trial. In that three weeks counsel had an opportunity to meet with Hussein several times and file proposed

jury instructions and voir dire questions. Based upon counsel's assurances at a hearing held the day before the scheduled trial date that she felt adequately prepared, and was ready to proceed to trial the following day, we conclude that the district court was not unreasonable or arbitrary in denying the motion for a third continuance the day before trial. Morris, 461 U.S. at 11-12.

Hussein also contends that the district court improperly admitted documents allegedly submitted by Hussein and other co-conspirators that falsely claimed a Virginia address. This court reviews a district court's decision as to the admissibility of evidence for an abuse of discretion and will not find an abuse unless a decision was "arbitrary and irrational." United States v. Weaver, 282 F.3d 302, 313 (4th Cir. 2002).

The Federal Rules of Evidence forbid the entry of hearsay except for specified exceptions including a business record created in the normal course of business. Fed. R. Evid. 803(6). The essential premise underlying the business records exception is that "each actor in the chain of information is under a business duty or compulsion to provide accurate information." United States v. McIntyre, 997 F.2d 687, 699 (10th Cir. 1993) (citing to McCormick on Evidence, § 290 at 274 (4th ed. 1992)). This provides the requisite degree of trustworthiness. See McIntyre, 997 F.2d at 699. After careful review of the record, we conclude that the records in question were reliably created and maintained in the

normal course of DMV's business.  Fed. R. Evid. 803(6).

Accordingly, we find no abuse of discretion.  Weaver, 282 F.3d at 313.

We also reject Hussein's contention that DMV Special Agent Kelly's testimony that Hussein was the individual who submitted the application and completed the driving test was impermissible hearsay.  After reviewing the testimony, we conclude that Agent Kelly's testimony was not offered to prove Hussein's identity, but instead offered to establish the content of properly admitted business records.  As Hussein concedes on appeal, the jury was specifically charged with determining if the individual in the photograph attached to the fraudulent application was in fact Hussein.  Accordingly, we conclude that Kelly's testimony was not impermissible hearsay, and find no abuse of discretion.  Weaver, 282 F.3d at 313.

Finally, Hussein contends that the evidence failed to show that he entered into an agreement to obtain false identification records, or that he was the individual who submitted false information to DMV representatives.  This court must affirm Hussein's jury convictions if there is substantial evidence, when viewed in the light most favorable to the government, to support the jury's verdict.  Glasser v. United States, 315 U.S. 60, 80 (1942).  In determining whether the evidence is substantial, this court views the evidence in the light most favorable to the

government and inquires whether there is evidence sufficient to support a finding of guilt beyond a reasonable doubt. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996). In evaluating the sufficiency of the evidence, the court does not review witness credibility and assumes the jury resolved all contradictions of the evidence in the government's favor. United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998). The jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented, and if the evidence supports different reasonable interpretations, the jury decides which to believe. United States v. Murphy, 35 F.3d 143, 148 (4th Cir. 1994). Circumstantial as well as direct evidence is considered, and the government is given the benefit of all reasonable inferences from the facts proven to the facts sought to be established. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

To prove conspiracy under 21 U.S.C. § 846 (2000), the government must show an agreement to do something illegal, willing participation by the defendant, and an overt act in furtherance of the agreement. United States v. Dozie, 27 F.3d 95, 97 (4th Cir. 1994). "By its very nature, a conspiracy is clandestine and covert, thereby frequently resulting in little direct evidence of such an agreement." United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996). "Participation in a criminal conspiracy need not be proved by direct evidence; a common purpose and plan may be

inferred from a 'development and a collocation of circumstances.'" Glasser, 315 U.S. at 80 (citations omitted); see also Burgos, 94 F.3d at 858 ("Indeed, a conspiracy may be proved wholly by circumstantial evidence."). Moreover, "the fact that a conspiracy is loosely knit, haphazard, or ill-conceived does not render it any less a conspiracy," and "a defendant may be a member of a conspiracy without knowledge of or participation in its full scope." Burgos, 94 F.3d at 858, 866. "Once a conspiracy has been proved, the evidence need only establish a slight connection between any given defendant and the conspiracy to support conviction." United States v. Strickland, 245 F.3d 368, 385 (4th Cir. 2001). After careful review of the evidence in the light most favorable to the government, and resolving all contradictions in favor of the government, we find that the evidence was sufficient to sustain Hussein's conviction. 18 U.S.C. § 1028(f); 18 U.S.C. §§ 1028(a)(1), (b)(1)(A)(ii), (c)(3)(A), 2; Romer, 148 F.3d at 364; Burgos, 94 F.3d at 862.

Accordingly, we affirm Hussein's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 6 -